UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEE CUMMINGS
ON BEHALF OF HIMSELF AND
OTHERS SIMILARLY SITUATED,

    Plaintiff,

v.                                               Case No. 3:20-cv-5412-MCR/MJF

KNOWLES ON SITE REPAIR INC, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before this court on Defendants' "Motion for Sanctions and Incorporated Memorandum of Law." Doc. 61. In their motion, Defendants request that the District Court strike Jeremy Byrd's and Alexxander Taylor's opt-in consent, dismiss their claims with prejudice, and award Defendants attorney's fees incurred in preparing and filing the motion. Plaintiffs responded in opposition. Doc. 65. For the reasons set forth below, the undersigned recommends that the District Court grant Defendants' motion.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

On May 25, 2021, Defendants served on Plaintiffs Defendants' first set of interrogatories and first requests for production of documents. Docs. 47-2, 47-3. Plaintiffs' responses were due June 24, 2021. On June 15, 2021, Defendants afforded Plaintiffs a two-week extension to respond. Doc. 47-5 at 4. After additional extensions, Plaintiffs' responses were due on July 22, 2021. *Id.* at 1.

On July 22, 2021, six Plaintiffs responded to Defendants' discovery requests. On July 23, 2021, Defendants requested that Plaintiffs provide the remaining discovery responses. Doc. 47-18. On July 27, 2021, Defendants again requested that Plaintiffs provide the outstanding discovery responses. Doc. 47-19 at 1.

On August 9, 2021, after Plaintiffs failed to produce the remaining discovery responses, Defendants notified Plaintiffs that they would be filing a motion to compel. Doc. 47-20 at 1. After Defendants filed their motion to compel, the parties resolved several issues raised in Defendants' motion. Thus, on September 17, 2021, the undersigned ordered Defendants to file an amended motion to compel and Plaintiffs to file an amended response. Doc. 52.

On September 21, 2021, Defendants filed an amended motion to compel the remaining discovery responses from five opt-in Plaintiffs or, alternatively, to strike those Plaintiffs' opt-in consent and dismiss their claims with prejudice. Doc. 55. On September 23, 2021, Plaintiffs responded to Defendants' amended motion. Doc. 57.

Plaintiffs' counsel reported that he had "made many attempts, by email, letter, and telephone, to contact" Byrd about his responses "to Defendants' discovery requests but those attempts [were] unsuccessful," and that he was unable to locate Byrd. *Id.* at 4. With respect to Taylor, Plaintiffs' counsel reported that Taylor's "limited schedule" prevented him from responding to Defendants' discovery requests. *Id.* Plaintiffs' counsel reported, however, that he was working with Taylor to "finalize [Taylor's] discovery responses," and counsel hoped to provide Taylor's responses "in the coming days." *Id.* That was on September 23, 2021.[2]

On September 27, 2021, the undersigned granted Defendants' amended motion to compel and denied without prejudice their alternative motion to dismiss. Doc. 58. The undersigned imposed a deadline of October 4, 2021, for Plaintiffs to respond to Defendants' discovery requests. *Id.* at 9. The undersigned warned Plaintiffs that if they violated the undersigned's order and refused to answer Defendants' interrogatories and respond to Defendants' requests for production of documents, Defendants would be entitled to move to dismiss the relevant claims. *Id.* at 7.

---

[2] On September 17, 2021, the parties filed a "Joint Motion for Extension of Deadlines." Doc. 51. On September 21, 2021, the District Court granted the parties' motion and extended the discovery deadline to November 24, 2021. Doc. 54.

On October 5, 2021, after Byrd and Taylor failed to respond to Defendants' discovery requests, Defendants filed the motion for sanctions currently pending.[3] Doc. 61. Defendants request that the District Court: (1) strike Byrd's and Taylor's opt-in consent and dismiss their claims with prejudice; and (2) award attorney's fees incurred by Defendants in filing the motion for sanctions. *Id.* at 6.

In support of their motion for sanctions, Defendants assert that without Byrd's and Taylor's discovery responses, Defendants are unable to "evaluate [Defendants'] exposure, set and take depositions of certain opt-in plaintiffs, assess the viability of a motion for decertification, and prepare a motion for decertification." *Id.* at 5, ¶ 13. Defendants note that they must serve the motion for decertification within 30 days after the close of discovery on November 24, 2021. *Id.* at 5, ¶ 11. Defendants also assert that, as of the date of their motion, Byrd and Taylor had Defendants' discovery requests for 133 days. *Id.* at 5, ¶ 15.

On October 13, 2021, Plaintiffs filed a response to Defendants' motion. Doc. 65. Plaintiffs' counsel reports that he attempted to contact Byrd and Taylor—by telephone, U.S. mail, or email—on September 20, 2021, September 21, 2021,

---

[3] Defendants also requested that the District Court dismiss the claims of opt-in Plaintiff Dustin Elliott. *Id.* at 6. On October 6, 2021, Plaintiffs filed a motion to withdraw Elliott's opt-in consent. Doc. 62. On October 12, 2021, the undersigned ordered Defendants to respond to Plaintiffs' motion on or before October 15, 2021, if Defendants opposed the motion. Doc. 64 at 2. Defendants did not respond, and on October 19, 2021, the District Court granted Plaintiffs' motion to withdraw Elliott's opt-in consent. Doc. 66.

September 23, 2021, September 27, 2021, and October 1, 2021.[4] *Id.* at 5, ¶ 19. Plaintiffs' counsel candidly acknowledges that he is "unable to offer any detail on why [Byrd and Taylor] failed to comply with the Court's Order compelling their discovery responses." *Id.* at 7-8. Despite Byrd's and Taylor's total absence from and non-participation in this civil action, Plaintiffs' counsel argues that the District Court should deny Defendants' request to dismiss Byrd's and Taylor's claims with prejudice because a lesser sanction is available—dismissal without prejudice. *Id.* at 8. Plaintiffs' counsel argues that absent an allegation of a bad-faith or willful violation, Byrd's and Taylor's Fair Labor Standard Act ("FLSA") claims will be barred by the FLSA's two-year statute of limitations. *Id.* Thus, a dismissal without prejudice effectively would be a dismissal with prejudice.

## II. DISCUSSION

Federal courts have a duty to ensure that civil cases are not unnecessarily prolonged by the discovery process. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 757 n.4 (1980). "The glacial pace of much litigation breeds frustration with the federal courts and, ultimately, disrespect for the law." *Id.* "Delay haunts the administration of justice. . . . [P]ossibilities for error multiply rapidly as time elapses between the original fact and its judicial determination." *Rheuark v. Shaw*, 628 F.2d

---

[4] Additionally, on September 20, 2021, Plaintiffs' counsel attempted to contact Byrd through Byrd's Facebook account. Doc. 65 at 5, ¶ 19.

297, 303-04 n.10 (5th Cir. 1980). Among other things, delay causes "stale evidence and the fading of material facts in the minds of potential witnesses." *Ryland v. Shapiro*, 708 F.2d 967, 975 (5th Cir. 1983). "[D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990). Generally, parties who unnecessarily delay and obstruct the discovery process should be sanctioned. *See Serra Chevrolet, Inc. v. GMC*, 446 F.3d 1137, 1147 (11th Cir. 2006) (noting that "all federal courts have the power, by statute, by rule, and by common law, to impose sanctions against recalcitrant lawyers and parties litigant") (citation omitted).

Under Federal Rule of Civil Procedure 37(b), a court may impose sanctions, including dismissal, when a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2); *Companion Health Servs., Inc. v. Kurtz*, 675 F.3d 75, 84 (1st Cir. 2012) (noting that Rule 37(b) "provides a veritable arsenal of sanctions to deter and rectify discovery violations") (citation and internal quotation marks omitted). Dismissal under Rule 37, however, is proper only when (1) "noncompliance with discovery orders is due to willful or bad faith disregard," *Wouter v. Martin Cnty.*, 9 F.3d 924, 934 (11th Cir. 1993), and (2) "lesser sanctions will [not] suffice," *Navarro*

*v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988). Dismissal is not warranted when the discovery violation is attributable to "simple negligence, misunderstanding, or inability to comply." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

When assessing the appropriate sanction, courts also should be mindful of the purposes of sanctions: "(1) compensating the court and other parties for the added expense caused by the abusive conduct; (2) compelling discovery; (3) deterring others from engaging in similar conduct; and (4) penalizing the guilty party or attorney." *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985); *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

A party moving for sanctions bears the burden of establishing the appropriateness of a requested sanction at least by a preponderance of the evidence. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 778 (7th Cir. 2016); *see United States v. Regan*, 232 U.S. 37, 49 (1914) (noting that "the general rule applicable to civil suits" entails "proof by a reasonable preponderance of the evidence"). Requests that a court dismiss claims as a sanction require substantial justification because there is a strong preference in American law that cases be resolved on their merits. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014). A district court's power to impose dismissal against a

noncompliant party, therefore, should be used only as a last resort. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *Malautea*, 987 F.2d at 1542.

A.   **Defendants' Request for the Sanction of Dismissal with Prejudice**

Defendants request that, as a sanction for Byrd's and Taylor's failure to respond to discovery requests and the undersigned's discovery order, the District Court strike Byrd's and Taylor's opt-in consent and dismiss their claims with prejudice. Doc. 61 at 6.

   1.   *Willful Disregard of the Undersigned's Discovery Order*

"'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness . . . ." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)). That is, the noncompliant party "acted intentionally as opposed to accidentally or involuntarily." *Rogers v. Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). Such conduct includes a party's repeated failure to comply with discovery orders. *Archer v. Air Jam.*, 268 F.R.D. 401, 403 (S.D. Fla. 2010); *see United States v. One 32' Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905-06 (11th Cir. 2009) (noting that "willful disregard" includes a party's unsupported argument that he was unable to produce timely the requested discovery). Additionally, "utter disregard for [a]

district court's discovery timetable set forth in [a] pretrial order" supports a finding of willful disregard. *Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4th Cir. 1985).

Byrd and Taylor's counsel received Defendants' interrogatories and requests for production of documents *more than five months ago*. Docs. 47-2, 47-3. Before filing a motion to compel, Defendants made three requests for Byrd's and Taylor's discovery responses. Doc. 47-18; Doc. 47-19 at 1; Doc. 47-20 at 1. Byrd and Taylor did not respond to Defendants' discovery requests. Defendants then filed a motion to compel on August 27, 2021, and an amended motion to compel on September 21, 2021. Docs. 47, 55. Even these motions to compel did not induce Byrd and Taylor to respond to Defendants' discovery requests.

On September 27, 2021, the undersigned granted Defendants' amended motion to compel. The undersigned ordered Byrd and Taylor to respond to Defendants' discovery requests on or before October 4, 2021. Doc. 58 at 9, ¶¶ 4-5. The undersigned warned Byrd and Taylor that their continued refusal to respond to Defendants' discovery requests could result in dismissal of their claims. *Id.* at 7; *id.* at 9, ¶ 6. Despite that warning, Byrd and Taylor refused to comply with the undersigned's order.

Furthermore, Byrd and Taylor have failed to provide any—let alone sufficient—justification for their noncompliance. Byrd and Taylor's counsel has attempted to contact Byrd and Taylor on numerous occasions. Doc. 65 at 6. Despite

his efforts, Plaintiffs' counsel acknowledges that "Byrd has not responded to any . . . communications regarding discovery." *Id.*; Doc. 50 at 3. Taylor's only justification was his "limited schedule." Doc. 57 at 4.

Byrd and Taylor failed to comply with the undersigned's discovery order and repeatedly failed to respond to Defendants' discovery requests, despite having more than five months to do so. Their failure is not due to "simple negligence, misunderstanding, or inability to comply." *Malautea*, 987 F.2d at 1542. Rather, Byrd's and Taylor's failure to respond to Defendants' multiple discovery requests and their failure to comply with the undersigned's order of September 27, 2021, demonstrates a willful disregard for the discovery process. *Rogers*, 135 F.3d at 1219; *see Dinkel v. Medstar Health, Inc.*, 304 F.R.D. 339, 343 (D.D.C. 2014) (noting that "a plaintiff's persistent failure to comply with discovery and discovery-related orders can be viewed as willful where multiple warnings and second chances have been given to the plaintiff").

### 2.  *Dismissal with Prejudice is the Only Adequate Sanction*

As noted above, Rule 37(b) sanctions serve several purposes. *Carlucci*, 775 F.2d at 1453; *see Nat'l Hockey League*, 427 U.S. at 643; *U&I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 674 (M.D. Fla. 2008) (noting that Rule 37(b) sanctions also "prevent unfair prejudice to the litigants"). When imposing sanctions under Rule 37(b), especially the severe sanction of dismissal with prejudice, a court

must ensure that a lesser sanction would not adequately serve those purposes. *Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing *Malautea* 987 F.2d at 1542).

Byrd's and Taylor's failure to respond has caused prejudice to Defendants in at least three respects. First, without Byrd's and Taylor's discovery responses, Defendants are unable to adequately prepare a motion for decertification. *Dinkel*, 304 F.R.D. at 344 (noting that without the opt-in plaintiffs' discovery responses, the defendants would be "hindered in developing any argument that . . . the opt-in [p]laintiffs [we]re not similarly situated to the named [p]laintiffs"); *see Blount v. U.S. Sec. Assocs.*, 945 F. Supp. 2d 88, 93 (D.D.C 2013) (noting that at the decertification stage, the district court must determine whether opt-in plaintiffs are "similarly situated" to the named plaintiff). The District Court, without Byrd's and Taylor's discovery responses, cannot test the factual similarity between the claims of Cummings—the named plaintiff—and the claims of Byrd and Taylor at the decertification stage. *See Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) (noting that "opt-in plaintiffs remain party plaintiffs until the district court determines they are not similarly situated and dismisses them").

Second, Byrd's and Taylor's failure to respond has resulted in unnecessary delay and the need for a two-month extension of the discovery deadline—from September 25, 2021 to November 24, 2021. Docs. 46, 54.

Third, Byrd's and Taylor's failure to respond has caused Defendants to incur unnecessary expenses. In an effort to obtain Byrd's and Taylor's discovery responses, Defendants have had to pay their attorneys to file two motions to compel and a motion for sanctions. Docs. 47, 55, 61. Thus, any sanctions imposed on Byrd and Taylor must prevent further prejudice to Defendants.

Additionally, any sanctions imposed must punish Byrd's and Taylor's dilatory conduct and deter similar conduct from future litigants. As noted above, Byrd and Taylor's counsel received Defendants' interrogatories and requests for production of documents more than five months ago. Byrd and Taylor did not respond to Defendants' multiple requests for discovery responses, two motions to compel, or motion for sanctions. Byrd and Taylor also disobeyed the undersigned's order to provide their discovery responses by October 4, 2021. Even a warning that their claims could be dismissed did not motivate Byrd and Taylor to comply with the undersigned's order. *See Colella v. N.Y.C. Transit Auth.*, No. 12-cv-6041 (GBD)(MHD), 2014 WL 7967835, at *3 (S.D.N.Y. Dec. 2, 2014) (noting that the "linchpin" of determining whether dismissal is an appropriate sanction "is whether the non-compliant party has been warned of the consequences of its failure to respond").

Although Plaintiffs' counsel argues that dismissal without prejudice would be the appropriate sanction, as a practical matter, in light of the applicable statute of

limitations, even a dismissal without prejudice will foreclose Byrd's and Taylor's claims. Absent allegations of a willful or bad-faith violation, FLSA claims have a two-year statute of limitations. 29 U.S.C. § 255(a). An FLSA claim accrues every time an employer fails to compensate an employee in accordance with the FLSA. *Figueroa v. D.C. Metro. Police Dep't*, 633 F.3d 1129, 1134-35 (D.C. Cir. 2011). Byrd ceased working for Defendants on September 9, 2019; thus, any FLSA claim he might have likely would have accrued in September or October 2019. Taylor ceased working for Defendants on August 7, 2019; thus, any FLSA claim he had likely would have accrued in August or September 2019. More than two years have passed since these likely dates of accrual. Any dismissal of Byrd's and Taylor's claims, therefore, likely would preclude FLSA claims based on their employment with Defendants. *Mickles*, 887 F.3d at 1280 (noting that if a dismissal without prejudice bars a later refiling "due to the running of the statute of limitations, the dismissal is 'tantamount to a dismissal with prejudice'") (quoting *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981)) (internal quotation marks omitted).

There is no reason to believe that any lesser sanction would cause Byrd and Taylor to produce the required discovery responses. Thus, dismissal with prejudice is the only sanction that will adequately prevent further prejudice to Defendants, adequately punish Byrd and Taylor, and adequately deter future discovery violations by Byrd and Taylor and other litigants. *Smith v. Atlanta Postal Credit Union*, 350 F.

App'x 347, 351 (11th Cir. 2009) (per curiam) (noting that dismissal with prejudice is appropriate when "a party demonstrates a flagrant disregard for the court and the discovery process") (quoting *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982)); *see Dinkens v. ConAgra Foods, Inc.*, 347 F. App'x 446, 448-49 (11th Cir. 2009) (per curiam) (affirming a district court's dismissal of a plaintiff's claims with prejudice because the plaintiff failed to comply with court orders to respond to discovery requests); *One 32' Scorpion Go-Fast Vessel*, 339 F. App'x at 905-06 (affirming the dismissal of a claim because the party failed to comply with a court order to produce discovery).

For these reasons, the District Court should strike Byrd's and Taylor's opt-in consent and should dismiss their claims with prejudice.

**B.    Defendants' Request for Attorney's Fees**

In addition to dismissing the action or proceeding when a party fails to obey an order to provide discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust" Fed. R. Civ. P. 37(b)(2)(C). Rule 37 sanctions "serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986). The party requesting

attorney's fees, however, must provide some basis for calculating the reasonable expenses caused by the discovery violation. *Deepgulf Inc. v. Moszkowski*, 333 F.R.D. 249, 254 (N.D. Fla. 2019).

The undersigned already ordered four opt-in Plaintiffs—including Byrd and Taylor—and their attorneys to pay Defendants $900 to compensate Defendants for attorney's fees incurred in filing their two motions to compel. Doc. 58 at 9, ¶ 6. Defendants likewise should be awarded attorney's fees incurred in the preparation and filing of their motion for sanctions. But because Plaintiffs' counsel made a good-faith effort to contact Byrd and Taylor and did not contribute to the discovery violations, only Byrd and Taylor should bear the expense of paying Defendants' attorney's fees. Before an accurate award of attorney's fees can be ordered, however, Defendants must submit an accounting of the attorney's fees incurred in preparing and filing their motion for sanctions.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendants' "Motion for Sanctions," Doc. 61, be **GRANTED**.

2. Plaintiff Jeremy Byrd's and Alexxander Taylor's opt-in consent, Docs. 17, 41, be struck and their claims be **DISMISSED** with prejudice.

3. Defendants' request for attorney's fees be **GRANTED** and within **SEVEN (7) DAYS** of the District Court ruling on this report and recommendation, Defendants be ordered to confer with Plaintiffs' counsel to see if they can agree on the amount of attorney's fees that should be awarded and, within **FOURTEEN (14) DAYS**, file an accounting of the attorney's fees incurred in preparing and filing their motion for sanctions or a notice that the parties have agreed on the appropriate amount.

At Pensacola, Florida, this 4th day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**